## In re RATLIFFE.

(District Court, N. D. Alabama, S. D.   March 19, 1910.)

No. 8,513.

**1.** SALES (§ 215*)—TRANSFER OF TITLE—REQUISITES—BILL OF SALE.

Delivery of personal property, pursuant to a verbal agreement to transfer the same from debtor to creditor in payment of the debt, was sufficient to pass title without a written bill of sale, and this, though the evidence of the debt was not surrendered until a subsequent date; it being agreed that the debt was satisfied by the delivery, and there being no understanding that further papers were to be prepared and executed to complete the transaction.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 574; Dec. Dig. § 215.*]

**2.** BANKRUPTCY (§ 161*)—TRANSFER OF GOODS—TIME OF MAKING.

Where there was a valid transfer of goods by a bankrupt to his creditor in payment of the debt, sufficient to pass title, more than four months before the filing of an involuntary bankruptcy petition against him, the fact that the bankrupt, within the four months period, on doubting the validity of the transaction, sought advice and attempted to perfect it by filing a claim of exemption with reference to the goods transferred, and then executing a bill of sale to the creditor, did not affect the creditor's vested right to the goods, though the subsequent proceedings were assented to by him.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 261–263; Dec. Dig. § 161.*]

**3.** BANKRUPTCY (§ 161*)—TRANSFER OF GOODS—TIME OF MAKING—ESTOPPEL.

Where a debtor, more than four months before the filing of a bankruptcy petition against him, had validly transferred certain personal property to a creditor, the fact that within the four months period he executed a bill of sale to the creditor, who asserted to the petitioning creditors' attorneys that he claimed under the bill of sale, did not estop the bankrupt from claiming that the goods were validly transferred more than four months before filing the petition, in resistance of bankruptcy adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 261–263; Dec. Dig. § 161.*]

In the matter of bankruptcy proceedings against J. W. Ratliffe. On an involuntary petition for a bankruptcy adjudication, and answer thereto. Denied.

Steiner, Crum & Weil and F. E. St. John, for petitioning creditors. Ward & Weaver, for bankrupt.

GRUBB, District Judge. This matter came on for hearing upon the involuntary petition, seeking the adjudication of the bankrupt, and upon his answer. The original demand for a jury trial was withdrawn. All the averments of the petition were admitted by the bankrupt's answer, except the commission of the act of bankruptcy charged in it. The act of bankruptcy relied on for adjudication consisted in an alleged preference given to the bankrupt's brother-in-law, one Harris, by transferring to him, in payment of a debt of $1,000, a stock of merchandise valued, according to the inventory taken contemporaneously with the transfer, at about $900. The bona fides of the debt was not disputed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The contested questions were (1) whether the transfer was made within four months of the filing of the petition in bankruptcy, and (2) whether a preference can be based on a transfer of exempt property by the bankrupt to a creditor, though within the four months period.

The conclusion of the court upon the first inquiry renders unnecessary any decision of the second. The facts are briefly stated as follows:

The bankrupt and the transferee were brothers-in-law. The bankrupt was indebted to the transferee for a year before the transfer in the sum of about $1,000 for borrowed money, evidenced by a promissory note. Each ran a general country store. The two stores were about a mile apart. About December 1, 1907, the bankrupt paid the transferee on this debt $90. On December 16th the bankrupt and the transferee made an agreement by which the bankrupt delivered to the transferee his stock of goods, by hauling it in wagons from the bankrupt's store to that of the transferee, and the transferee accepted the goods in full payment of, and canceled, the balance due on the debt. An itemized inventory was taken, showing the value of the stock to be slightly less than the amount of the indebtedness. The inventory accompanied the delivery of the goods, and was the only writing evidencing the transfer at the time delivery was made. The bankrupt testified that his recollection was uncertain as to whether the note was surrendered December 16th, or not until December 24th. The transferee testified with positiveness that its surrender accompanied the delivery of the stock. Each testified that the transaction was completely consummated on December 16th, and that it was not then contemplated that any further papers should be drawn up between the parties, or that any further steps were to be taken to complete it. About December 24th the bankrupt became doubtful as to the legality of the form of the transaction and consulted his attorney. The attorney advised him to file a claim of exemption to the stock transferred and then execute a bill of sale to it to his brother-in-law. After such advice was received, and in pursuance of it, a claim of exemption was filed on December 24th to the stock theretofore delivered to the transferee, and a bill of sale executed by the bankrupt to the transferee covering it.

If the transaction is to take effect from December 16th, it is beyond the four months period, and not the subject of a preference. If not effective until December 24th, it is within the four months period, and, the other elements being present, would constitute a preference. No written bill of sale was essential to pass title to the personal property transferred to the creditor in payment of the debt. Delivery, pursuant to such a verbal agreement, would be legally sufficient, though the note was not surrendered until later. However, the more satisfactory evidence is to the effect that it was surrendered contemporaneously with the delivery of the stock. This would be true, provided it was understood by the parties that the debt was to be satisfied by the delivery of the goods, and there was no understanding that further papers were to be prepared and executed to complete the transaction. In these provisos, both agree. There was a complete change of possession of the stock on December 16th, and it hardly seems that so troublesome a re-

moval would have been attempted until the agreement was understood to be final by the parties to it.

My conclusion from the evidence is that there was a valid and complete transfer by delivery of the goods in consideration of the cancellation of the debt on December 16th, more than four months before the filing of the petition.

Did the subsequent filing of the exemption by the bankrupt, and executing a bill of sale to the transferee, change the status? If the original transaction was legally sufficient to vest title to the goods in the transferee, the title could be divested out of him only by an agreement between the parties, the legal effect of which was to rescind the original agreement. Such was not the effect of the acts done by the bankrupt on December 24th. On the contrary, they were done to make the original transaction—i. e., the payment of the debt with the goods—more binding. The giving of a further assurance or muniment of title could not have the effect of impairing the vested right of the transferee, acquired by the original transaction, though assented to by him. The giving of such assurance or muniment of title within the four months of property the title of which had passed out of the bankrupt beyond the four months could not operate as a preference, or be the foundation of an act of bankruptcy on the part of the bankrupt, since the creditors had no claim on the property when such further assurance or muniment was given by the bankrupt.

Whatever might be the effect of the assertion by the transferee to the attorneys for the petitioning creditors, made before the petition was filed, that he claimed the property under the written bill of sale, dated within the four months, in a proceeding against him, as claimant, to set aside the transfer as a preference, it is clear it could not operate to estop the bankrupt in this proceeding from resisting adjudication by reason of it.

The petition is therefore dismissed, at the costs of the petitioning creditors.